# EXHIBIT A

*State Court Documents*

ELECTRONICALLY FILED - 2026 Jun 11 4:46 PM - RICHLAND - COMMON PLEAS - CASE#2026CP4004034

STATE OF SOUTH CAROLINA

COUNTY OF RICHLAND

Caitlin Dreher,

                Plaintiff,

v.

University of South Carolina; Prisma Health-Midlands d/b/a Prisma Health Richland Hospital; Jenna Cox; and Kelsey Furtick,

                Defendants.

IN THE COURT OF COMMON PLEAS
FIFTH JUDICIAL CIRCUIT

**SUMMONS**

TO THE DEFENDANT ABOVE-NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint herein, a copy of which is served upon you, and to serve a copy of your answer to this Complaint upon the subscriber at the address shown below within thirty (30) days (or thirty-five (35) days if served by United States Mail) after service hereof, exclusive of the date of such service, and if you fail to answer the Complaint, judgment by default will be rendered against you for the relief demanded in the Complaint.

                **CROMER BABB & PORTER, LLC**

                BY:    *s/ Harper L. Hutson*
                        Harper L. Hutson (#106343)
                        Post Office Box 11675
                        Columbia, South Carolina 29211
                        Phone: 803-799-9530
                        Fax:   803-799-9533
                        harper@cromerbabb.com

                ***Attorneys for Plaintiff***

June 11, 2026
Columbia, South Carolina

1

ELECTRONICALLY FILED - 2026 Jun 11 4:46 PM - RICHLAND - COMMON PLEAS - CASE#2026CP4004034

STATE OF SOUTH CAROLINA

COUNTY OF RICHLAND

Caitlin Dreher,

                Plaintiff,

v.

University of South Carolina; Prisma Health-Midlands d/b/a Prisma Health Richland Hospital; Jenna Cox; and Kelsey Furtick,

                Defendants.

IN THE COURT OF COMMON PLEAS
FIFTH JUDICIAL CIRCUIT

**COMPLAINT**
(Jury Trial Demanded)

## CIVIL RIGHTS/EDUCATION DISCRIMINATION CASE

Plaintiff, Caitlin Dreher, based on personal knowledge and informed belief, respectfully alleges the following causes of action under South Carolina Common Law.

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, Caitlin Dreher ("Dreher") is a citizen and resident of Richland County, South Carolina.

2. Defendant University of South Carolina ("Defendant USC") is a public university located in Columbia, South Carolina.

3. At all relevant times, Defendant USC operated the University of South Carolina College of Pharmacy.

4. At all relevant times, Defendant USC received federal financial assistance within the meaning of Title VI of the Civil Rights Act of 1964 and Title IX of the Education Amendments of 1972.

2

ELECTRONICALLY FILED - 2026 Jun 11 4:46 PM - RICHLAND - COMMON PLEAS - CASE#2026CP4004034

5.    Defendant Prisma Health-Midlands d/b/a Prisma Health Richland Hospital ("Defendant Prisma") is a hospital operating in Columbia, South Carolina.

6.    Prisma Health Richland Hospital is the facility at which Dreher completed the clinical rotation at issue.

7.    Upon information and belief, Defendant Prisma received federal financial assistance and/or participated in federally funded healthcare, pharmacy, clinical, residency, educational, or training programs.

8.    Upon information and belief, Defendant Prisma partnered with Defendant USC to provide required clinical rotation experiences to USC pharmacy students, including Dreher.

9.    Defendant Jenna Cox ("Defendant Cox") was, at all relevant times, a Prisma employee, agent, preceptor, evaluator, supervisor, and/or clinical rotation participant involved in Dreher's rotation experience, evaluation, and/or grade.

10.    Defendant Kelsey Furtick ("Defendant Furtick") was, at all relevant times, a Prisma employee, agent, resident, evaluator, supervisor, and/or clinical rotation participant involved in Dreher's rotation experience.

11.    This action alleges race discrimination and retaliation under Title VI of the Civil Rights Act of 1964, sex discrimination and retaliation under Title IX of the Education Amendments of 1972, race discrimination and retaliation under 42 U.S.C. § 1981, and breach of contract.

12.    This Court has subject matter jurisdiction over this action because the claims alleged herein arise under federal law and South Carolina law, including Title VI of the Civil Rights Act of 1964, Title IX of the Education Amendments of 1972, 42 U.S.C. § 1981, and South

3

ELECTRONICALLY FILED - 2026 Jun 11 4:46 PM - RICHLAND - COMMON PLEAS - CASE#2026CP4004034

Carolina common law, and this Court has concurrent jurisdiction over the federal statutory claims and jurisdiction over the related state-law claims.

13. This Court has concurrent jurisdiction over Dreher's federal statutory claims.

14. Venue is proper in Richland County because the events giving rise to this action occurred in Richland County, South Carolina, and because Defendants reside, conduct business, and/or are located in Richland County.

15. Dreher demands a jury trial on all triable issues and claims.

## FACTUAL ALLEGATIONS

16. Dreher is an African American woman.

17. Dreher was enrolled in the University of South Carolina College of Pharmacy.

18. As part of her pharmacy degree requirements, Dreher was required to complete clinical rotations.

19. In June 2023, USC assigned Dreher to a clinical rotation at Defendant Prisma.

20. Dreher's Defendant Prisma rotation occurred from approximately June 1, 2023, through June 26, 2023.

21. Dreher's successful completion of the Defendant Prisma rotation was required for her academic progress, pharmacy degree requirements, professional standing, and future career in pharmacy.

22. Defendant USC and Defendant Prisma jointly controlled, administered, supervised, evaluated, and/or materially influenced Dreher's clinical rotation experience.

23. Defendant Prisma personnel served as preceptors, evaluators, supervisors, and/or decision-makers for students placed in the clinical rotation, including Dreher.

ELECTRONICALLY FILED - 2026 Jun 11 4:46 PM - RICHLAND - COMMON PLEAS - CASE#2026CP4004034

24.   Defendant USC accepted, relied upon, adopted, ratified, and/or incorporated Defendant Prisma personnel's evaluations and recommendations into Dreher's academic record and rotation grade.

25.   During the Defendant Prisma rotation, Dreher was subjected to discriminatory, stereotyped, and hostile criticism concerning her demeanor, facial expressions, body language, tone, professionalism, and alleged attitude.

26.   On or about June 9, 2023, Dreher was interrupted during a presentation.

27.   During or around that interaction, Defendant Furtick told Dreher that the way Dreher looked was a problem.

28.   Defendant Furtick told Dreher that Dreher was rude.

29.   Defendant Furtick told Dreher that Dreher's face was a problem for Defendant Furtick and for other people at the hospital.

30.   Defendant Furtick further told Dreher that Dreher could not retain information.

31.   Dreher denies that she behaved in a rude, aggressive, angry, confrontational, or unprofessional manner.

32.   Defendants interpreted and criticized Dreher's demeanor, facial expressions, tone, and professionalism through racial stereotypes.

33.   Defendants' criticisms invoked racial stereotypes historically directed at Black students and Black women, including stereotypes that they are angry, aggressive, confrontational, rude, difficult, intimidating, or threatening when they advocate for themselves or participate in professional settings.

ELECTRONICALLY FILED - 2026 Jun 11 4:46 PM - RICHLAND - COMMON PLEAS - CASE#2026CP4004034

34.     On or about June 12, 2023, Dreher requested a meeting with Defendant Cox because Defendant Furtick had indicated Defendant Cox was one of the individuals who had a problem with Dreher.

35.     During that meeting, Defendant Cox characterized Dreher as confrontational, aggressive, and angry.

36.     Dreher asked why these alleged issues had not been raised during prior evaluations or feedback.

37.     Defendants did not provide Dreher with a fair, timely, or meaningful opportunity to correct alleged performance concerns before escalating the matter toward a failing evaluation.

38.     Defendants treated Dreher more harshly than similarly situated non-Black and/or male students.

39.     Defendants subjected Dreher to heightened scrutiny and harsher evaluation because of her race, sex, and/or race-plus-sex stereotypes.

40.     On or about June 14, 2023, Dreher contacted Defendant USC's Experiential Education Coordinator Jennifer Baker to report the issues occurring at Defendant Prisma.

41.     Dreher reported that she was being mistreated, unfairly criticized, and subjected to hostile conduct during the rotation.

42.     Dreher also reported that she believed she was being treated differently and discriminated against in connection with the June 9, 2023, interaction and the criticism of her demeanor, facial expressions, tone, and alleged attitude.

43.     Baker later acknowledged, during USC's civil-rights review process, that Dreher reported concerns about discrimination during the rotation.

ELECTRONICALLY FILED - 2026 Jun 11 4:46 PM - RICHLAND - COMMON PLEAS - CASE#2026CP4004034

44.    Baker also acknowledged that Dreher raised concerns about whether the same Prisma personnel would continue to be involved in her rotation and evaluation after Dreher complained.

45.    During or after this report, Dreher was told that there had been prior complaints about Defendant Furtick.

46.    Defendant USC and Defendant Prisma therefore had notice that Defendant Prisma personnel involved in Dreher's rotation had been the subject of prior complaints.

47.    Defendant USC and Defendant Prisma also had notice that Dreher was reporting mistreatment in a required educational placement.

48.    Rather than protect Dreher from discrimination and retaliation, Defendant USC and Defendant Prisma allowed the same individuals who had mistreated Dreher to continue influencing Dreher's grade and academic standing.

49.    Shortly after Dreher complained to Baker, Defendant Cox contacted Baker regarding alleged concerns about Dreher's performance in the rotation.

50.    On or about June 16, 2023, two days after Dreher reported concerns to Baker, Dreher received a midpoint evaluation stating that she was failing the rotation.

51.    The close timing between Dreher's protected complaint and the failing midpoint evaluation supports an inference of retaliation.

52.    The failing midpoint evaluation was not supported by fair, consistent, or nondiscriminatory evaluation criteria.

53.    Defendants' stated concerns about Dreher were subjective, stereotyped, exaggerated, and inconsistent with Dreher's actual performance.

ELECTRONICALLY FILED - 2026 Jun 11 4:46 PM - RICHLAND - COMMON PLEAS - CASE#2026CP4004034

54. On or about June 21, 2023, Dreher attended a meeting with Baker and Defendant Cox at Prisma.

55. Dreher's father was present for the meeting.

56. Dreher also attended a second meeting with Baker and Defendant USC's Dean of Student Affairs and Diversity Amy Grant concerning Dreher's grade in the rotation.

57. Dreher played recordings for Defendant USC and/or Defendant Prisma personnel.

58. Defendant USC and Defendant Prisma personnel discussed whether Defendant Cox needed to hear the recordings.

59. Grant asked Dreher whether Dreher believed Defendant Cox would retaliate.

60. Grant suggested that Dreher prepare a list of things Dreher could do to improve her grade.

61. Dreher prepared and submitted information in an effort to improve or remediate the grade.

62. Defendant Cox responded, in substance, that Dreher's submission would not change anything.

63. Defendant Cox's response showed that the decision to fail Dreher had been predetermined and/or that Defendants were unwilling to fairly consider Dreher's remedial efforts.

64. On or about June 23, 2023, Dreher took her final test.

65. Dreher was told that her grade on the test would have no effect on her final grade.

66. This statement further supports an inference that Defendants had already decided to fail Dreher regardless of her performance.

67. On or about June 26, 2023, Dreher received her final evaluation.

ELECTRONICALLY FILED - 2026 Jun 11 4:46 PM - RICHLAND - COMMON PLEAS - CASE#2026CP4004034

68.     Dreher was told that she failed because she failed the final and because she got a question wrong after a presentation.

69.     Defendants' explanation was inconsistent with the prior statement that the final test would have no effect on Dreher's final grade.

70.     Defendants' shifting explanations support an inference of pretext.

71.     Defendants' decision to fail Dreher was motivated by race, race-plus-sex stereotyping, and retaliation for Dreher's complaints.

72.     In or around late July 2023, Dreher complained to Defendant USC's Provost Lisa Jerald.

73.     Provost Jerald stated, in substance, that the situation sounded racially motivated.

74.     Defendant USC told Dreher that Defendant USC would pay for Dreher to take another rotation.

75.     Defendant USC's offer to pay for another rotation supports an inference that Defendant USC recognized serious problems with the Defendant Prisma rotation.

76.     After Dreher reported the discriminatory and retaliatory treatment, USC routed, reviewed, and/or investigated Dreher's complaints through its civil rights, Title IX, student affairs, and/or related internal complaint processes.

77.     Dreher provided Defendant USC with information supporting her complaints, including recordings and/or descriptions of the discriminatory and retaliatory conduct.

78.     Defendant USC had actual notice that Dreher was alleging discrimination, stereotyping, harassment, retaliation, and unfair treatment in a required clinical rotation.

79.     Despite this notice, Defendant USC did not conduct a fair, complete, and meaningful review before accepting, maintaining, and/or ratifying the failing rotation evaluation.

ELECTRONICALLY FILED - 2026 Jun 11 4:46 PM - RICHLAND - COMMON PLEAS - CASE#2026CP4004034

80. Defendant USC dismissed, closed, or failed to meaningfully pursue Dreher's internal civil-rights and/or Title IX complaint.

81. Defendant USC did not require Defendants Prisma, Cox, Furtick, or other responsible personnel to correct the discriminatory and retaliatory evaluation.

82. Defendant USC did not remove, amend, or correct the failing rotation evaluation from Dreher's academic record.

83. Defendant USC's failure to meaningfully investigate and remedy Dreher's complaint further supports an inference of deliberate indifference, retaliation, pretext, and breach of Defendant USC's obligations to Dreher.

84. Nevertheless, Defendant USC did not adequately correct the discriminatory conduct, remove the failing evaluation from Dreher's record, meaningfully discipline responsible personnel, or ensure that Dreher was made whole.

85. Defendant USC dismissed and/or failed to properly process Dreher's civil rights complaint.

86. Defendant USC also received notice from the United States Department of Education Office for Civil Rights concerning Dreher's allegations.

87. On or about October 17, 2023, Dreher met with Prisma representatives, including Jennifer Bair and a Prisma human-resources representative, regarding Dreher's complaints about the June 2023 rotation.

88. During that meeting, Dreher reported that she had been subjected to discrimination, harassment, bullying, retaliation, and unfair treatment during the Prisma rotation.

10

ELECTRONICALLY FILED - 2026 Jun 11 4:46 PM - RICHLAND - COMMON PLEAS - CASE#2026CP4004034

89.     Dreher also reported that Defendant Cox and Defendant Furtick had engaged in or contributed to the discriminatory and retaliatory treatment and that Prisma personnel had failed to correct the conduct.

90.     Dreher and her father described specific examples of the discriminatory and retaliatory conduct, including the June 9, 2023, interaction, the criticisms of Dreher's facial expressions, demeanor, tone, and alleged attitude, the alleged false statements attributed to Dreher, the failing evaluation, and the inconsistency between the evaluation narrative and Dreher's performance.

91.     Prisma's representatives acknowledged that Dreher was raising serious concerns involving Prisma team members and stated that Prisma would need to review documentation, witnesses, and other information concerning the conduct of those team members.

92.     Despite receiving this additional notice, Defendant Prisma failed to meaningfully remedy the discriminatory and retaliatory conduct, correct the evaluation, ensure that responsible personnel were held accountable, or otherwise make Dreher whole

93.     Defendants failed to provide Dreher equal access to educational benefits and opportunities.

94.     Defendants failed to provide Dreher a discrimination-free required clinical placement.

95.     Defendants failed to prevent known or foreseeable retaliation after Dreher complained.

96.     As a direct and proximate result of Defendants' conduct, Dreher suffered educational harm.

ELECTRONICALLY FILED - 2026 Jun 11 4:46 PM - RICHLAND - COMMON PLEAS - CASE#2026CP4004034

97.     Dreher suffered damage to her academic record, professional reputation, and pharmacy-training experience.

98.     Dreher suffered emotional distress, humiliation, embarrassment, anxiety, inconvenience, and loss of educational opportunities.

99.     Dreher suffered economic and consequential damages, including delay-related losses, lost educational opportunities, lost professional opportunities, out-of-pocket losses, and other damages to be proven at trial.

100.    Dreher has been required to expend time, effort, and resources to address and correct Defendants' unlawful conduct.

### FOR A FIRST CAUSE OF ACTION
**Against Defendant USC**
**(Title VI Race Discrimination / Hostile Educational Environment)**

101.    Dreher realleges the foregoing where consistent.

102.    Dreher is African American.

103.    Defendant USC receives federal financial assistance within the meaning of Title VI of the Civil Rights Act of 1964.

104.    Dreher participated in and was intended to benefit from Defendant USC's federally funded educational programs and activities, including the College of Pharmacy and its required clinical rotation program.

105.    Defendant USC discriminated against Dreher on the basis of race.

106.    Defendant USC subjected Dreher to and/or allowed Dreher to be subjected to racially hostile treatment in a required clinical rotation.

107.    The hostile treatment included racialized criticism of Dreher's demeanor, facial expressions, tone, body language, professionalism, and alleged aggressiveness.

ELECTRONICALLY FILED - 2026 Jun 11 4:46 PM - RICHLAND - COMMON PLEAS - CASE#2026CP4004034

108. Defendant USC had notice of the discriminatory and hostile treatment.

109. Defendant USC failed to take prompt, effective, and reasonable corrective action.

110. Defendant USC instead accepted, relied upon, adopted, ratified, and/or incorporated discriminatory and retaliatory evaluations into Dreher's academic record and rotation grade.

111. Defendant USC denied Dreher equal access to a required clinical rotation experience.

112. Defendant USC allowed racial stereotypes to influence Dreher's evaluation and final rotation grade.

113. Defendant USC's actions were intentional, reckless, deliberately indifferent, and/or in disregard of Dreher's federally protected rights.

114. As a direct and proximate result of Defendant USC's violation of Title VI, Dreher suffered damages, including educational harm, economic loss, reputational harm, emotional distress, humiliation, embarrassment, anxiety, inconvenience, and other damages to be proven at trial.

115. Dreher is entitled to recover compensatory damages, equitable relief, attorney's fees and costs where recoverable, and all other relief available by law.

**FOR A SECOND CAUSE OF ACTION**
**Against Defendant USC**
**(Title VI Retaliation)**

116. Dreher realleges the foregoing where consistent.

117. Dreher engaged in protected activity when she complained about discriminatory and hostile treatment during her clinical rotation.

13

ELECTRONICALLY FILED - 2026 Jun 11 4:46 PM - RICHLAND - COMMON PLEAS - CASE#2026CP4004034

118.    Defendant USC knew or should have known that Dreher complained about conduct she reasonably believed to be discriminatory.

119.    Shortly after Dreher complained, Defendant USC and/or its agents, partners, and representatives took materially adverse actions against her.

120.    These adverse actions included issuing or accepting a failing midpoint evaluation, refusing to fairly consider remedial information, predetermining Dreher's grade, failing Dreher's rotation, and damaging Dreher's educational record.

121.    The close temporal proximity between Dreher's complaint and the failing midpoint evaluation supports an inference of causation.

122.    Defendant USC's shifting and inconsistent explanations for Dreher's failure further support an inference of retaliatory intent.

123.    Defendant USC would not have taken, accepted, ratified, or maintained the same adverse actions against Dreher absent her protected complaints.

124.    Defendant USC's retaliation violated Title VI.

125.    As a direct and proximate result of Defendant USC's retaliation, Dreher suffered damages, including educational harm, economic loss, reputational harm, emotional distress, humiliation, embarrassment, anxiety, inconvenience, and other damages to be proven at trial.

126.    Dreher is entitled to recover compensatory damages, equitable relief, attorney's fees and costs where recoverable, and all other relief available by law.

**FOR A THIRD CAUSE OF ACTION**
**Against Defendants Prisma, Cox, and Furtick**
**(42 U.S.C. § 1981 Race Discrimination and Retaliation)**

127.    Dreher realleges the foregoing where consistent.

14

ELECTRONICALLY FILED - 2026 Jun 11 4:46 PM - RICHLAND - COMMON PLEAS - CASE#2026CP4004034

128.    Dreher had contractual and/or prospective contractual rights relating to her pharmacy education, clinical rotation, professional training, tuition, academic progression, licensure preparation, and future pharmacy career.

129.    Dreher was entitled to make, perform, enforce, and enjoy the benefits, privileges, terms, and conditions of those contractual relationships free from race discrimination.

130.    Defendants Prisma, Cox, and Furtick are sued under 42 U.S.C. § 1981 as private actors and/or non-state actors who intentionally interfered with Dreher's right to make, perform, enforce, and enjoy the benefits, privileges, terms, and conditions of her contractual and educational relationships free from race discrimination and retaliation.

131.    Defendants Prisma, Cox, and Furtick knew or should have known that Dreher's clinical rotation was a required component of Dreher's pharmacy education and professional training.

132.    But for Dreher's race, Defendants Prisma, Cox, and Furtick would not have subjected her to racially stereotyped criticism, discriminatory evaluation, retaliatory grading, or caused or contributed to her failure of the rotation.

133.    Their actions included racially stereotyped criticism, discriminatory evaluation, retaliatory grading, and causing or contributing to Dreher's failure of the rotation.

134.    Defendants Prisma, Cox, and Furtick also retaliated against Dreher because Dreher complained of discrimination and opposed racially hostile treatment.

135.    Defendants Prisma, Cox, and Furtick impaired Dreher's ability to enjoy the benefits, privileges, terms, and conditions of her educational and professional contractual relationships.

ELECTRONICALLY FILED - 2026 Jun 11 4:46 PM - RICHLAND - COMMON PLEAS - CASE#2026CP4004034

136. Defendants Prisma, Cox, and Furtick acted intentionally, willfully, maliciously, recklessly, and/or in disregard of Dreher's federally protected rights.

137. But for Dreher's complaints opposing race discrimination and racially hostile treatment, Defendants Prisma, Cox, and Furtick would not have taken or caused the adverse actions alleged herein.

138. As a direct and proximate result of Defendants' conduct, Dreher suffered damages, including educational harm, economic loss, reputational harm, emotional distress, humiliation, embarrassment, anxiety, inconvenience, and other damages to be proven at trial.

139. Dreher is entitled to recover compensatory damages, punitive damages where legally recoverable, attorney's fees and costs where recoverable, and all other relief available by law.

### FOR A FOURTH CAUSE OF ACTION
**Against Defendant Prisma**
**(Negligent Supervision and Retention)**

140. Dreher realleges the foregoing where consistent.

141. Defendant Prisma owed Dreher a duty to exercise reasonable care in supervising, retaining, training, and controlling its employees and agents who participated in required clinical rotations for pharmacy students.

142. Defendant Cox and Defendant Furtick were employees, agents, residents, preceptors, evaluators, supervisors, and/or clinical rotation participants subject to Defendant Prisma's supervision and control.

143. Defendant Cox and Defendant Furtick interacted with Dreher on Defendant Prisma's premises and in connection with a Prisma clinical rotation.

16

ELECTRONICALLY FILED - 2026 Jun 11 4:46 PM - RICHLAND - COMMON PLEAS - CASE#2026CP4004034

144.     Defendant Prisma knew or should have known that its employees and agents involved in Dreher's rotation required supervision and control to prevent discriminatory, retaliatory, harassing, or otherwise improper treatment of students.

145.     Upon information and belief, before, during, and after Dreher's rotation, Defendant Prisma and/or Defendant USC personnel had notice of prior complaints concerning Defendant Furtick's treatment of students and concerns regarding Dreher's treatment during the Prisma rotation.

146.     Defendant Prisma knew or should have known of the necessity and opportunity to exercise control over Defendant Cox, Defendant Furtick, and other personnel involved in Dreher's rotation.

147.     Defendant Prisma failed to exercise reasonable care in supervising, retaining, training, and controlling Defendant Cox, Defendant Furtick, and other personnel involved in Dreher's rotation.

148.     Defendant Prisma's failure to exercise reasonable care allowed Defendant Cox, Defendant Furtick, and/or other personnel to subject Dreher to discriminatory, retaliatory, hostile, and improper treatment during a required clinical rotation.

149.     As a direct and proximate result of Defendant Prisma's negligent supervision and retention, Dreher suffered educational harm, reputational harm, emotional distress, economic loss, lost educational and professional opportunities, and other damages to be proven at trial.

150.     Dreher is entitled to recover actual damages, consequential damages, costs, and all other relief available by law.

**FOR A FIFTH CAUSE OF ACTION**
**Against Defendant USC**
**(Title IX Sex Discrimination— Pleaded in the Alternative)**

17

ELECTRONICALLY FILED - 2026 Jun 11 4:46 PM - RICHLAND - COMMON PLEAS - CASE#2026CP4004034

151.    Dreher realleges the foregoing where consistent.

152.    Dreher is female.

153.    Defendant USC receives federal financial assistance within the meaning of Title IX of the Education Amendments of 1972.

154.    Dreher participated in and was intended to benefit from Defendant USC's federally funded educational programs and activities, including the College of Pharmacy and its required clinical rotation program.

155.    Defendant USC discriminated against Dreher on the basis of sex and/or sex-plus-race stereotypes.

156.    Defendants criticized Dreher's appearance, facial expressions, demeanor, communication style, body language, and alleged aggressiveness in a manner that reflected sex-based and race-plus-sex stereotypes applied to Black women.

157.    Defendant USC treated Dreher less favorably than similarly situated male and/or non-Black students.

158.    Defendant USC subjected Dreher to heightened scrutiny and harsher evaluation because of sex and/or race-plus-sex stereotypes.

159.    Defendant USC had actual notice of Dreher's complaints and failed to take prompt, effective, and reasonable corrective action.

160.    Defendant USC's conduct denied Dreher equal access to educational benefits and opportunities.

161.    Defendant USC's actions violated Title IX.

162.    As a direct and proximate result of Defendant USC's violation of Title IX, Dreher suffered damages, including educational harm, economic loss, reputational harm, emotional

18

ELECTRONICALLY FILED - 2026 Jun 11 4:46 PM - RICHLAND - COMMON PLEAS - CASE#2026CP4004034

distress, humiliation, embarrassment, anxiety, inconvenience, and other damages to be proven at trial.

163.     Dreher is entitled to recover compensatory damages, equitable relief, attorney's fees and costs where recoverable, and all other relief available by law.

**FOR A SIXTH CAUSE OF ACTION**
**Against Defendant USC**
**(Title IX Retaliation — Pleaded in the Alternative)**

164.     Dreher realleges the foregoing where consistent.

165.     Dreher engaged in protected activity when Dreher complained about discriminatory treatment, including treatment based on sex, gender stereotyping, race-plus-sex stereotyping, and/or a hostile educational environment.

166.     Defendant USC knew or should have known of Dreher's protected activity.

167.     Shortly after Dreher complained, Defendant USC and/or its agents, partners, and representatives took materially adverse actions against her.

168.     These adverse actions included issuing or accepting a failing midpoint evaluation, refusing to fairly consider remedial information, predetermining Dreher's grade, failing Dreher's rotation, and damaging Dreher's educational record.

169.     The close temporal proximity between Dreher's complaints and the adverse actions supports an inference of causation.

170.     Defendant USC would not have taken, accepted, ratified, or maintained the same adverse actions against Dreher absent her protected complaints.

171.     Defendant USC's retaliation violated Title IX.

19

ELECTRONICALLY FILED - 2026 Jun 11 4:46 PM - RICHLAND - COMMON PLEAS - CASE#2026CP4004034

172.     As a direct and proximate result of Defendant USC's retaliation, Dreher suffered damages, including educational harm, economic loss, reputational harm, emotional distress, humiliation, embarrassment, anxiety, inconvenience, and other damages to be proven at trial.

173.     Dreher is entitled to recover compensatory damages, equitable relief, attorney's fees and costs where recoverable, and all other relief available by law.

## FOR A SEVENTH CAUSE OF ACTION
### Against Defendant USC
### (Breach of Contract)

174.     Dreher realleges the foregoing where consistent.

175.     Dreher and Defendant USC had a contractual and/or quasi-contractual relationship arising from Dreher's enrollment, tuition payments, academic policies, clinical rotation requirements, handbooks, syllabi, grading procedures, anti-discrimination policies, appeal procedures, and other mandatory written policies.

176.     Defendant USC promised, expressly or impliedly, to provide Dreher access to required educational experiences free from discrimination and retaliation.

177.     Defendant USC promised to apply academic and clinical rotation policies fairly, consistently, and in good faith.

178.     Defendant USC promised to follow its own procedures concerning grading, remediation, appeals, discrimination complaints, and student protections.

179.     Defendant USC breached these obligations by failing to protect Dreher from discrimination and retaliation.

180.     Defendant USC breached these obligations by failing to ensure a fair clinical rotation evaluation.

181. Defendant USC breached these obligations by accepting, adopting, ratifying, and maintaining a discriminatory and retaliatory failing grade.

182. Defendant USC breached these obligations by failing to provide meaningful corrective procedures after Dreher reported mistreatment.

183. Defendant USC breached these obligations by failing to fairly investigate and remedy Dreher's complaints.

184. Defendant USC's breaches caused Dreher damages, including educational harm, economic loss, reputational harm, emotional distress, humiliation, embarrassment, anxiety, inconvenience, lost educational opportunities, lost professional opportunities, and other damages to be proven at trial.

185. Dreher is entitled to recover actual damages, consequential damages, equitable relief, costs, and all other relief available by law.

### **PRAYER FOR RELIEF**

186. Dreher requests a jury trial on all claims and all triable issues.

187. Dreher requests that the jury award, within its discretion, a reasonable sum for all damages sought on the above claims and all damages legally available to Dreher, including actual damages, compensatory damages, consequential damages, and punitive damages where legally recoverable.

188. Dreher requests that the Court award all equitable relief it deems just and necessary, including correction, removal, amendment, or expungement of discriminatory and retaliatory academic records and evaluations.

189. Dreher requests attorney's fees and costs where authorized by law.

ELECTRONICALLY FILED - 2026 Jun 11 4:46 PM - RICHLAND - COMMON PLEAS - CASE#2026CP4004034

ELECTRONICALLY FILED - 2026 Jun 11 4:46 PM - RICHLAND - COMMON PLEAS - CASE#2026CP4004034

190.    Dreher requests pre-judgment interest, post-judgment interest, and any other relief this Court deems just and proper.

Respectfully Submitted,

**CROMER BABB & PORTER, LLC**

BY:   *s/Harper L. Hutson*
Harper L. Hutson (#106343)
Post Office Box 11675
Columbia, South Carolina 29211
Phone: 803-799-9530
Fax:   803-799-9533
harper@cromerbabb.com

***Attorneys for Plaintiff***

June 11, 2026
Columbia, South Carolina

ELECTRONICALLY FILED - 2026 Jun 25 2:01 PM - RICHLAND - COMMON PLEAS - CASE#2026CP4004034

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| | FIFTH JUDICIAL CIRCUIT |
| COUNTY OF RICHLAND | |
| Caitlin Dreher, | Case No.: 2026-CP-40-04034 |
| Plaintiff, | |
| v. | **ACCEPTANCE OF SERVICE** |
| University of South Carolina; Prisma Health-Midlands d/b/a Prisma Health Richland Hospital; Jenna Cox; and Kelsey Furtick, | |
| Defendants. | |

I, D. Randle Moody, II , accepts service of the Summons and Complaint, filed in the above captioned matter, for my clients, Prisma Health, Jenna Cox, and Kelsey Furtick; named defendants in this action.  The Defendants have granted me the authority to accept these documents in their stead.  These documents were e-mailed to me at Randy.Moody@JacksonLewis.com and accepted by me this 25TH day of June 2026.

JACKSON LEWIS P.C.

D. Randle Moody, II
15 South Main Street
Suite 700
Greenville, SC 29601
(864) 232-7000
Randy.Moody@JacksonLewis.com
*Attorney for Defendants Prisma Health, Jenna Cox, Kelsey Furtick*

Greenville
Columbia, SC

ELECTRONICALLY FILED - 2026 Jun 25 10:05 AM - RICHLAND - COMMON PLEAS - CASE#2026CP4004034

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| | FIFTH JUDICIAL CIRCUIT |
| COUNTY OF RICHLAND | |
| Caitlin Dreher, | Case No.: 2026-CP-40-04034 |
| Plaintiff, | |
| v. | **ACCEPTANCE OF SERVICE** |
| University of South Carolina; Prisma Health-Midlands d/b/a Prisma Health Richland Hospital; Jenna Cox; and Kelsey Furtick, | |
| Defendants. | |

I, Walter H. Parham, accepts service of the Summons and Complaint, filed in the above captioned matter, for my client, University of South Carolina; named defendant in this action. The Defendant has granted me the authority to accept these documents in its stead. These documents were e-mailed to me at terry@mailbox.sc.edu and accepted by me this 25 TH day of June 2026.

**OFFICE OF GENERAL COUNSEL**

Walter H. Parham, Esq.
109 Osborne Administration Bldg.
Columbia, SC 29208
(803) 777-7854
terry@mailbox.sc.edu
***General Counsel for University of South Carolina***

Columbia, SC